**UNITED STATES of America**

v.

**Luis A. GONZALEZ also known as Luis Romero Gonzalez**

**Luis A. Gonzalez, Appellant.**

No. 06–3125.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 3, 2008.

Filed April 18, 2008.

George S. Leone, Office of United States Attorney, Newark, NJ Glenn J. Moramarco, Office of United States Attorney Camden Federal Building & Courthouse, Camden, NJ, for United States of America.

Stacey Richman, Bronx, NY, for Appellant.

Before: SCIRICA, Chief Judge, FISHER and ROTH, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Chief Judge.

Luis A. Gonzalez appeals his criminal sentence and conviction. We will affirm.[1]

Gonzalez pled guilty to a one-count information charging conspiracy to distribute one kilogram or more of heroin under 21 U.S.C. § 846, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A). Refusing the Government's proposed plea agreement, Gonzalez chose instead to enter an open plea of guilty. Defense counsel and the District Court discussed with Gonzalez the proposed plea agreement, pleading open to the court, his right to a jury trial, the risks associated with trial and pleading, and the advisory nature of the sentencing guidelines. Gonzalez entered his plea knowingly, intelligently, and voluntarily.

The proposed plea agreement established the Base Offense level at 36 with a possible reduction to 31. The Pre-sentence report established the Sentencing Guideline range as 108 to 135 months. The statutory minimum under 21 U.S.C. § 841(b)(1)(A) was 120 months. Gonzalez rejected the Government's proposed plea

---

1. Gonzalez's attorney filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and a motion to withdraw as court-appointed counsel. Gonzalez filed a pro se brief with this Court on April 20, 2007.

agreement, hoping to receive a "safety valve" sentence reduction to which the Government would not consent. Considering all relevant information, the District Court found Gonzalez "safety valve" eligible and sentenced him to 87 months incarceration.

Our review reveals defense counsel thoroughly considered all plausible bases for appeal and set forth in the *Anders* brief why such issues were legally frivolous. Counsel examined the guilty plea colloquy transcript, the sentencing transcript, the Presentence Investigative Reports, and other documents. Gonzalez knowingly and voluntarily entered the guilty plea, waiving his Constitutional rights. Gonzalez acknowledged he understood the charges and essential elements to which he pled guilty. The District Court's sentence was well below the statutory and Guideline minimums. Based on our own examination of the record, we conclude that counsel satisfied the requirements of Third Circuit Local Appellate Rule 109.2(a) under *Anders*.

Gonzalez also submitted a brief, raising three issues: 1) ineffective assistance of counsel, and 2) exposure to double jeopardy liability by the plea agreement, and 3) improper calculation of drug quantity by the District Court. We do not ordinarily consider ineffective assistance claims on direct review, as such claims are "best decided in the first instance in a collateral action." *United States v. Thornton*, 327 F.3d 268, 272 (3d Cir.2003).

Turning to Gonzalez's second contention, regardless of the terms, Gonzalez did not accept the proposed plea agreement and is not bound by them. Gonzalez rejected the Government's proposed plea agreement and plead to the court. The terms of the proposed plea agreement did not and do not apply.[2]

Finally, Gonzalez contends the District Court improperly calculated the drug quantity relied upon in sentencing. However, the District Court did not calculate the drug quantity at all. During the guilty plea colloquy, Gonzalez stipulated that over thirteen kilograms of heroin were involved in the conspiracy. This admitted quantity was the basis of the District Court's consideration.

Accordingly, there are no non-frivolous arguments raised in this appeal.

For the foregoing reasons, we will affirm the judgment of conviction and sentence. Defense counsel's motion to withdraw is granted.

---

2. Moreover, the provisions in the plea agreement to which Gonzalez refers would not have subjected the Defendant to double jeopardy. If the guilty plea did not remain in full force and effect, any dismissed charges and other charges could have been brought against Gonzalez so long as they were not time-barred. Additionally, the plea agreement did not absolve Gonzalez of any civil liability. Neither of these provisions exposed Gonzalez to double jeopardy.